## IN THE U.S. DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **K.E. n/k/a K.S** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Honorable** |
| | : | |
| **DOVER AREA SCHOOL DISTRICT,** | : | |
| **LINCOLN INTERMEDIATE UNIT 12,** | : | |
| **RICHARD NILSON, and MATTHEW** | : | |
| **PUTERBAUGH** | : | |
| **Defendant** | : | **No.** |

### COMPLAINT

## I.  NATURE OF ACTION

1.   This is an action for damages on behalf of a citizen of the United States, who is now an adult.  Because of the nature of her allegations, and her legitimate need for and right of privacy, Plaintiff files this complaint without the appearance of her actual identity in the caption. Following the filing and service of this complaint, Plaintiff will file a motion under Local Rule 5.8, seeking leave to file under seal an Amended Complaint containing her true identity.

2.   This action arises from a long course of sexual harassment and sexual abuse suffered by Plaintiff while, as a minor child, she was enrolled in schools operated by Defendant Dover Area School District, including the Dover Intermediate School.     Plaintiff seeks damages and other relief pursuant to 42 U.S.C. § 1983, and Title IX of the Education Amendments of 1971, 20 U.S.C.S. §§1681-1688 [hereinafter, "Title IX"], as well as certain provisions of the common law of Pennsylvania.

## II.  PARTIES

3.   K. E., n/k/a K.S., is the above-captioned Plaintiff.    She is currently less than thirty years old, and her action is timely pursuant to the applicable Pennsylvania state, 42 Pa.C.S. §5533 (b)(1).

4.   Defendant Dover Area School District ["the District"] is an entity organized under the law of Pennsylvania, operating several public schools within its designated geographical district in York County, Pennsylvania.

5.   Defendant Lincoln Intermediate Unit 12 ["the Unit"] is an entity organized under the law of Pennsylvania, charged with providing educational services and support to public schools in several districts, including the Dover Area School District. During the times material hereto, the Unit provided educational services to York County Public School, including Dover Area School District students determined to be in need of "emotional support."

6.   Defendant Richard Nilson was, between 2000 and 2007, superintendent of the Dover Area School District and was, at all times material hereto, responsible for the promulgation, implementation and maintenance of District policies regarding student, faculty and administrative procedures, including procedures relating to the prevention and reporting of student abuse.

7.   Defendant Matthew Puterbaugh has been employed for many years as a music teacher within the Dover Area School District. Between 2000 and 2007, Puterbaugh was plaintiff's music teacher, beginning when plaintiff was eleven years old.

### III.  JURISDICTION

8.  Jurisdiction is vested in this Court due to the federal questions presented by Plaintiff's federal statutory claims. 28 U.S.C. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

9.  At all times material hereto, all defendants acted pursuant to or under color of state law as the terms are defined pursuant to 42 U.S.C. §1983.

10.  At all times material hereto, defendants Dover Area School District and Lincoln Intermediate Unit 12 received federal funds for the provisions of educational services and programs within the Dover Area School District, including but not limited to services to students with "special" educational needs.

### IV.  VENUE

11.  Venue lies properly in this judicial district, as all defendants are located therein at the above-captioned addresses, and because the acts and failures to act giving rise to the complaint occurred therein.

### V.  MATERIAL FACTS

12.  Beginning around January, 2001, when Plaintiff was eleven years old, and legally and emotionally incapable of giving him consent, Puterbaugh, under cover of the music lessons he was assigned to provide Plaintiff, initiated a course of conduct including improperly touching her and placing his hand inside her skirt, and on her thighs and pubic region; as well as indecently exposing his penis to her.

3

13.   Puterbaugh quickly accelerate his improper and indecent conduct, and by the summer of Plaintiff's twelfth year, was subjecting Plaintiff to sexual intercourse and other forms of sexual assault.

14.   Exploiting his authority and position as Plaintiff's teacher, Puterbaugh repeatedly engaged in sexual intercourse with her over the next three years, on at least eighty occasions. Many of these assaults took place in the buildings or on the grounds of the Dover Intermediate School, where Plaintiff was enrolled.   Others occurred in Puterbaugh's home or, in the absence of her parents, in Plaintiff's home, all during the course of school district-sanctioned music lessons.

15.   At the age of thirteen (13), the Plaintiff was impregnated by Puterbaugh.   Plaintiff, while accompanied by her mother and Puterbaugh, acting as a concerned teacher/adult friend of the Plaintiff, was forced to seek an abortion in the state of Maryland.

16.   Puterbaugh's abuse of Plaintiff began after administrative staff of the Dover Area School District knew of credible complaints that Puterbaugh had engaged in inappropriate behavior with female members of his band class.

17.   The 2000 "investigation" by the District of the band-related allegations resulted in no disciplinary action, no implementation of measures to protect female students from abuse, and despite holding status as a legal "mandatory reporter of abuse," resulted no reporting of the allegations to any country agency for child protective services, or to the Pennsylvania Department of Public Welfare, or to any law enforcement authority.

18.   On at least two occasions between 2001 and 2004, Plaintiff credibly reported Puterbaugh's abusive conduct to teachers and/or administrative staff at the Dover Intermediate School, and/or the Unit.

19.   The teachers to whom Plaintiff made her initial report when she was a student at the Dover Intermediate School promptly reported it to a guidance counselor; however, no effective investigation or other action was taken by the administration of the school or the district in response to the report.   On the contrary, school staff persuaded the Plaintiff to recant her report of sexual abuse, citing that Puterbaugh was a "good teacher" and "these allegations will ruin his [Puterbaugh's] career."

20.   During the course of Puterbaugh's abuse of her between 2001 and 2004, Plaintiff became increasingly truant, and began exhibiting signs of social maladjustment and emotional disturbance which significantly interfered with her ability to learn and otherwise benefit from school.

21.   After Plaintiff entered the Dover Area High School, these signs and symptoms resulted in her being classified as needing "emotional support," and under the terms of an "individualized educational plant" ["IEP"], she attended classes under the auspices of Lincoln Intermediate Unit 12.

22.   Sometime in November, 2004, Plaintiff made a second credible report of Puterbaugh's abusive conduct, this time to a teacher at the Dover Area High School, where she was then enrolled.

23.   The teacher promptly informed an appropriate specialist within the Unit and officials of the High School of Plaintiff's complaint.

24.   Consistent with a concern she has expressed to the teacher, Plaintiff, then fifteen years old, came under duress and influence exerted by Puterbaugh and other school staff, to "recant" her report of abuse".   Plaintiff was informed by other school staff that "he [Puterbaugh] is a

good teacher" and "these allegations would run his [Puterbaugh's] teaching career".   Under

such pressure and duress, Plaintiff returned to the same teacher the following day and told the

teachers if anyone asked her about the abuse that she would "lie and say that it did not happen."

25.     Although they knew or should have known that Plaintiff's allegations were credible,

her threat of "recantation" notwithstanding, officials of the Dover Intermediate School, Dover

High School, the District, and Lincoln Intermediate Unit 12, improperly terminated their

investigation of Plaintiff's reports, and failed to take any action against Puterbaugh, or to protect

other female students from his abusive conduct, or to report Plaintiff's allegations to an

appropriate county agency, to the Department of Public Welfare, or to law enforcement

authorities, in violation of the Pennsylvania Child Protective Services Law then in effect, 23

Pa.C.S. §6301 *et seq*.

26.     As a consequence of the failure by the District, its schools, and Lincoln Intermediate

Unit 12, to take meaningful, effective and/or legally required action in response to the

allegations by Plaintiff and others regarding his improper and outrageous conduct, Puterbaugh

was able to continue his course of conduct and persist in his abuse of Plaintiff and other female

students for years.

27.     Puterbaugh's conduct was never reported to law enforcement authorities until April,

2013, when the District informed the Northern York County Regional Police Department

["NYCRPD"] that the Dover Intermediate School had received an anonymous call asserting that

Puterbaugh had maintained a sexual relationship with a young female student, later determined

to be Plaintiff.

28.    On February 19, 2014, the District notified the Northern York County Regional Police School Resource Officer of the complaints of a twelve year-old female student as Dover Intermediate School that, during a music class, Puterbaugh had caressed and squeezed her thigh.

29.    Following this report, police investigators lawfully obtained a search warrant, and executed it upon Puterbaugh's home, at which time they found surreptitiously taken videos and photographs of numerous past and present female students of Dover Intermediate School, including Plaintiff.    Many of the photographs were of the subject children's undergarments, legs and cleavage areas.

30.    Police also found unauthorized and illegally obtained recordings of the voices of numerous female students, and, on his computer, more than 660 pornographic images of children engaged in sexual acts.

31.    Puterbaugh was immediately arrested and charged with multiple counts of illegal wiretapping, invasion of privacy, corruption of minors, harassment and possession of child pornography.

32.    Subsequent investigation by the NYCRPD brought to light the fact that, since 2000, Puterbaugh had improperly touched or sexually abused at least thirty female students at the Dover Intermediate School, including plaintiff.

33.    The investigation also confirmed the accuracy of Plaintiff's earlier reports, and Puterbaugh was subsequently charged with numerous criminal offenses committed against Plaintiff, including statutory sexual assault, aggravated indecent assault and assault of a victim less than sixteen years of age, and corruption of a minor.

7

34.   On June 30, 2015, the Defendant, Puterbaugh, pled guilty and was sentenced on the charge of Involuntary Deviate Sexual Intercourse in which Puterbaugh received a 5 - 10 year sentence.   The Plaintiff was the victim of this criminal act.

35.   As a result of the extensive and outrageous abuse she suffered at the hands of Puterbaugh, Plaintiff has suffered severe and permanent harm, including but not limited to severe emotional distress, humiliation, a disruption of her ability to enjoy life's pleasures, and the destruction of her sense of safety and wellbeing, all of which have required her to seek and undergo appropriate mental health and other treatment, with attendant expense.

36.   Additionally, as a result of the extensive and outrageous abuse Plaintiff suffered at the hands of Puterbaugh, Plaintiff unsuccessfully attempted suicide on four separate occasions.   The first attempt was at age 13, the second attempt was at age 14, the third attempt was at age 16, and the fourth and final attempt was at age 18.

37.   Puterbaugh's abuse of Plaintiff also interfered with her ability to enjoy the benefits of the education and educational services provided by the District, all to her detriment.

## VI.   CAUSES OF ACTION

### COUNT I

### PURSUANT TO 42 U.S.C. §1983
### PLAINTIFF V. THE DISTRICT AND NILSEN

38.   Plaintiff incorporates by reference paragraphs 1 through 37 as if set forth in full.

39.   The abusive and illegal conduct of Puterbaugh violated Plaintiff's civil and constitutional rights under the Fourth and Fourteenth Amendments to the Constitution, including her rights to the security of her person, due process and equal protection, as well as rights secured under federal statutes, including the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794.

40.  The violation of Plaintiff's constitutional and federal rights was caused by acts, policies, customs and practices maintained and endorsed by Defendants, including but not limited to:

    a.  Failure to train District personnel regarding the proper investigation of child abuse allegations;

    b.  Systematic failure to conduct, or to insure that proper and thorough investigations of child abuse allegations, including but not limited to those made by Plaintiff, were conducted;

    c.  Systematic failure to report, or to insure that credible allegations of child abuse, including but not limited to those made by Plaintiff, were reported to the proper agencies and authorities;

    d.  Systematic failure to insure District compliance with Pennsylvania's Child Protective Services Law;

    e.  Failure to terminate or otherwise terminate Puterbaugh, despite the fact that Defendants knew or should have readily known that he was engaged in a longstanding pattern of abusing or harassing female students;

    f.  Deliberate indifference to the complaints of female students, including but not limited to Plaintiff, regarding Puterbaugh's abusive conduct;

    g.  Systematic failure to protect female students from sexual abuse by Puterbaugh and/or other District personnel.

41.  These acts, policies, customs and practices were carried out and maintained in arbitrary, reckless and deliberate indifference to the rights and well-being of Plaintiff.

42.   As a direct and proximate result of the violation of her rights, Plaintiff suffered the harm alleged hereinafter.

## COUNT II

### PURSUANT TO 42 U.S.C. §1983
### PLAINTIFF V. DEFENDANTS NILSEN AND THE DISTRICT

43.   Plaintiff incorporates by reference paragraphs 1 through 42 as if set forth in full.

44.   As a result of the acts, policies, customs and practices alleged in paragraphs 15-24, 37, and 38 above, defendants Nilsen and the District, in a manner shocking to the conscience, facilitated the ongoing abuse perpetrated by Puterbaugh, placing Plaintiff in extreme and unreasonable danger of the harm which Plaintiff ultimately suffered.

45.   In so doing, Defendants violated Plaintiff's rights under the Fourteenth Amendment to the Constitution.

## COUNT III

### PURSUANT TO 42 U.S.C. §1983
### PLAINTIFF V. THE DISTRICT AND LINCOLN INTERMEDIATE UNIT 12

46.   Plaintiff incorporates by reference paragraphs 1 through 45 as if set forth in full.

47.   As providers of educational programs and services receiving federal funds, Defendants are required to provide the benefits of those services and programs without discrimination on the basis of sex.

48.   As alleged above, Defendants intentionally disregarded the rights and safety of female students, including but not limited to Plaintiff, as well as their complaints related thereto.

49.    Due to the District's intentional acts and maintenance of customs and practice alleged above, Plaintiff was subjected to continual sexual harassment and abuse by her teacher, Puterbaugh, incurring the harm alleged above.

50.    Plaintiff was also subjected to continual sexual harassment and abuse due to the Lincoln Intermediate Unit 12's intentional failure to investigate Plaintiff's complaints properly, or to report them to the Department of Public Welfare, law enforcement authorities, or any appropriate agency.

51.    Defendant's conduct comprised illegal discrimination against Plaintiff, proscribed by Title IX, causing the harm Plaintiff alleged hereinabove.

## COUNT IV

### PURSUANT TO 42 U.S.C. §1983
### PLAINTIFF V. PUTERBAUGH

52.    Plaintiff incorporates by reference paragraphs 1 through 51 as if set forth in full.

53.    Taking advantage of his status capacity and position as Plaintiff's teacher, and the attendant authority created under state law, defendant violated Plaintiff's civil and constitutional rights under the Fourth and Fourteenth Amendments of the Constitution.

54.    Plaintiff suffered the harm alleged above as a result of the constitutional violations committed by Puterbaugh.

## COUNT V

### INTENTIONAL AND OUTRAGEOUS INFLICTION OF
### EMOTIONAL DISTRESS (SUPPLEMENTAL JURISDICTION)
### PLAINTIFF V. PUTERBAUGH

55.    Plaintiff incorporates by reference paragraphs 1 through 54 as if set forth in full.

56.   The purposeful illegal and outrageous conduct of Puterbaugh alleged hereinabove inflicted extreme emotional distress upon plaintiff, requiring an ongoing course of mental health and other treatment, with attendant expense.

## COUNT VI

### ASSAULT AND BATTERY (SUPPLEMENTAL JURISDICTION) PLAINTIFF V. PUTERBAUGH

57.   Plaintiff incorporates by reference paragraphs 1 through 56 as if set forth in full.

58.   The conduct of Puterbaugh alleged above comprised multiple incidents and an ongoing pattern of assault upon Plaintiff and unauthorized contact with her person (battery).

59.   As a result of the repeated assaults and battery perpetrated by Puterbaugh, Plaintiff suffered the harms and damages alleged above.

## VII.   PUNITIVE DAMAGES ALLEGATION

60.   The intentional conduct of Puterbaugh alleged herein was outrageous and wanton, and committed in total reckless disregard for Plaintiff's well-being, and the laws intended to protect her and persons similarly situated, including the criminal laws of Pennsylvania proscribing statutory sexual assault, corruption of minors, and harassment, thereby warranting the imposition of punitive damages.

## VIII.   JURY DEMAND

61.   Plaintiff demands a jury determination of all issues so triable.

## IX.   PRAYER FOR RELIEF

62.   Wherefore, the above-captioned Plaintiff respectfully requests this Honorable Court to enter judgment in her favor, and against the above-referenced Defendants, individually, jointly and severally, and the award the following relief:

a.   an award of general and compensatory damages;

a.   an award of punitive damages against Puterbaugh;

b.   an award of attorney fees and costs pursuant to 42 U.S.C. §1988 and Title IX;

c.   such other relief as the Court deems just and equitable.


Respectfully submitted,


                         /S/
        _____
        Farley G Holt, Esquire
        I.D. # 59920
        34 North Queen Street
        York, Pennsylvania 17403
        (717) 846-0550
        Attorney for Plaintiff

## DECLARATION UNDER PENALTY OF PERJURY

I, Katrina Eckrote, the undersigned, declares under penalty of perjury, that I am the

Plaintiff in the instant action, that the entire contents of the Complaint prepared in this matter has

been provided to me for review, that I have reviewed the Complaint in its entirety, and in signing

below, do hereby state that the information contained in the Complaint is true and correct to the

best of my knowledge, information and belief.

28 U.S.C. Section 1746; 18 U.S.C. Section 1621

DATE OF EXECUTION:  August 21 , 2015

Katrina Eckrote