# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K.E., | : | CIVIL ACTION NO. 1:15-CV-1634 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| DOVER AREA SCHOOL DISTRICT, *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 17th day of April, 2018, upon consideration of the motion (Doc. 99) *in limine* by defendant Dover Area School District ("Dover"), wherein Dover seeks permission from the court to adduce reference, testimony, evidence, and argument at trial concerning "incidents involving suspicious circumstances and/or misconduct" between defendant Matthew Puterbaugh ("Puterbaugh"), a former teacher at Dover, and plaintiff K.E., of which K.E.'s parents may have had knowledge, and wherein Dover further seeks permission from the court to adduce reference, testimony, evidence, and argument at trial concerning K.E.'s recantation of her allegations of sexual abuse against Puterbaugh, and the motion having been fully briefed, (Docs. 100, 108, 116), and it appearing that Dover contends *first* that evidence of knowledge and failure to act by K.E.'s parents is relevant to questions of liability and causation, positing that K.E.'s parents are a superseding cause of

her alleged injury, and that K.E. may herself be responsible for her own injuries,[1] (see Doc. 100 at 9-14), and *second* that evidence of K.E.'s purported recantations is relevant to whether Dover acted with a conscious-shocking willful disregard for K.E.'s safety and was clearly unreasonable in responding to reports of abuse, (see id. at 14-15), and that K.E. rejoins that the proffered evidence is irrelevant and thus inadmissible, (see Doc. 108 at 2-6), and the court noting preliminarily that relevant evidence is that which has a tendency to make a fact of consequence "more or less probable than it would be without the evidence," FED. R. EVID. 401, 402, but that evidence may be excluded if its probative value is substantially outweighed by unfair prejudice, confusion of the issues, or misleading the jury, FED. R. EVID. 403, and turning *first* to Dover's argument regarding the purported knowledge of K.E.'s parents, the court observing that, to establish Dover's liability, K.E. must establish, *inter alia*, a "plausible nexus" or "affirmative link" between Dover's alleged custom, policy, or practice and the alleged deprivation of constitutional rights, see Bielevicz v. Dubinon, 915 F.2d 814, 850-51 (3d Cir. 1990), and the court finding, in view of the theories of failure-to-train and failure-to-act liability asserted herein, that evidence of what K.E.'s parents knew or should have known under the circumstances, and

---

[1] We recognize that Dover's counsel faces a challenging task *sub judice*. Counsel must engage in zealous advocacy concerning sensitive matters without crossing the precipice into overt victim blaming. There is a significant distinction, however, between the appropriate suggestion that K.E.'s own actions may have inhibited Dover from discovering Puterbaugh's abusive conduct, cf. Chancellor v. Pottsgrove Sch. Dist., 529 F. Supp. 2d 571, 576-77 (E.D. Pa. 2008), and the outright and wholly inappropriate assertion that K.E. caused her own injury, (see Doc. 100 at 11, 14). The court will not countenance the latter suggestion.

what Dover believes K.E.'s parents should have but failed to do, is not only entirely speculative but also irrelevant to the dispositive inquiry of whether *Dover* knew of and deliberately disregarded the threat posed by Puterbaugh,[2] and finding further, assuming relevance *arguendo*, that the danger of unfair prejudice and confusion of the issues weighs heavily in favor of excluding the proffered evidence, FED. R. EVID. 403, as to admit same would transform this litigation into a "trial within a trial" on the issue of what K.E.'s parents knew or should have known and what the law may or may not have required of them, and the court thus concluding that the proffered evidence concerning alleged knowledge and purported inaction by K.E.'s parents shall be inadmissible at trial; and turning *second* to Dover's argument concerning K.E.'s recantations of her reports against Puterbaugh, the court observing that the alleged recantations are relevant to K.E.'s state-created danger claim, which rests in part on the theory that Dover "convinced [K.E.] that her allegations would not

---

[2] In this regard, we find persuasive the *ratio decidendi* in Doe v. Methacton Sch. Dist., 880 F. Supp. 380 (E.D. Pa. 1995). In Doe, a music teacher at Methacton School District ("MSD") was discovered to have sexually abused a student, and the school allowed the teacher to resign. Id. at 382-83. When the Philadelphia School District ("PSD") later sought a reference for the teacher, MSD administrators described his performance as "satisfactory" and concealed the abuse. Id. at 383. PSD then hired the teacher. Id. Shortly after the teacher was hired, PSD's music director learned of the prior abuse but failed to take action. Id. Several years later, the teacher sexually abused a young female student at PSD. Id. In a Section 1983 lawsuit brought against both districts by the student and her parents, MSD argued that the PSD music director's superseding knowledge and failure to act "broke the causational chain" between MSD's inaction and the student's injury. Id. at 385. The court disagreed, holding that the mere fact that PSD may also bear blame for failing to act on the alleged notice did not absolve MSD for the unconstitutional policy, procedure, or custom of deliberate indifference from which the student's injury originated. See id.

3

be believed and would ruin Puterbaugh's career, resulting in her not pursuing her claims," (Doc. 71 at 14; see Doc. 92 at 19-20), and are further relevant to Dover's defense that it did not act with willful disregard for K.E.'s safety or in a manner which shocks the conscience, and the court thus concluding that the proffered evidence concerning K.E.'s alleged recantations shall be admissible at trial, it is hereby ORDERED that:

1. Dover's motion (Doc. 99) *in limine* is GRANTED in part and DENIED in part.

2. The proffered evidence concerning alleged knowledge of abuse and purported inaction by K.E.'s parents shall be inadmissible at trial.

3. The proffered evidence concerning K.E.'s alleged recantations of her reports of abuse shall be admissible at trial.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania