# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K.E., | : | CIVIL ACTION NO. 1:15-CV-1634 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| DOVER AREA SCHOOL DISTRICT, *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 17th day of April, 2018, upon consideration of the motion (Doc. 105) *in limine* by defendant Dover Area School District ("Dover") seeking to preclude plaintiff K.E. from referencing prior allegations against defendant Matthew Puterbaugh ("Puterbaugh"), a former teacher at Dover, at trial in the above-captioned action, and the motion having been fully briefed, (Docs. 106, 111), and it appearing that Dover argues that K.E.'s claim of prior misconduct by Puterbaugh—to wit, that a student reported several instances of misconduct by Puterbaugh to Dover in 2000—is both unsupported and irrelevant to K.E.'s instant claims against Dover concerning her own allegations of abuse by Puterbaugh, and thus should be inadmissible at trial, and the court noting that relevant evidence is that which has a tendency to make a fact of consequence "more or less probable than it would be without the evidence," FED. R. EVID. 401, 402, and the court observing that, to establish Dover's liability for failure to train its employees to detect or report signs of sexual abuse of students, K.E. must show, *inter alia*, that Dover was placed on notice of the need to act and to train its employees by a

pattern of similar and causally-connected constitutional violations, see Kline *ex rel.* Arndt v. Mansfield, 255 F. App'x 624, 629-30 (3d Cir. 2007) (nonprecedential); Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989); Douglas v. Brookville Area Sch. Dist., 836 F. Supp. 2d 329, 364 (W.D. Pa. 2011), and the court concluding that evidence concerning a prior complaint against Puterbaugh regarding inappropriate conduct with his minor students is directly relevant to K.E.'s instant Monell claims against Dover, which contend that Dover was aware of the threat Puterbaugh posed to students and nonetheless failed to act or to train its employees appropriately,[1] (see Doc. 92 at 14-17), and concluding further that it is for the jury to determine whether the proof adduced at trial appertaining the 2000

---

[1] Dover claims that the 2000 complaint was meritless and cannot serve to put the district on notice of Puterbaugh's pattern of unconstitutional conduct. Dover specifically contends that it adequately investigated the 2000 complaint and cites to a letter it sent to Puterbaugh indicating that the district was "satisfied" that the allegations had "been resolved" and warning Puterbaugh that "[r]egardless of whether or not you committed the actions as alleged, you are hereby notified that such behavior is not to occur in the future." (Doc. 106 at 6-7). Dover then relies on a single case—Esch v. County of Kent, No. 1:13-CV-478, 2016 WL 5387860 (W.D. Mich. Sept. 27, 2016)—to supports its view that an "unsupported allegation is not a constitutional violation" and that an "insufficient allegation that was debunked" cannot support K.E.'s claim. (Doc. 106 at 7-8 (citing Esch, 2016 WL 5387860, at *11)). Esch is both nonbinding and inapposite. The court in Esch held that a Monell claim failed because the plaintiff had not identified *any* prior instance of unconstitutional conduct and instead based her claim "only on the instance of an alleged violation in this case." Esch, 2016 WL 5387860, at *11. K.E. has identified a prior complaint of unconstitutional conduct against Puterbaugh, distinguishing her case from Esch.

2

complaint adequately establishes notice to Dover of similar and causally-connected constitutional violations,[2] it is hereby ORDERED that Dover's motion (Doc. 105) *in limine* is DENIED.[3]

                                         /S/ CHRISTOPHER C. CONNER
                                         Christopher C. Conner, Chief Judge
                                         United States District Court
                                         Middle District of Pennsylvania

---

[2] Dover contends that evidence concerning the prior complaint must be excluded on the additional basis that it is "merely 'supported' by speculation and conjecture." (Doc. 106 at 6, 8). Dover avers that "Plaintiff, herself, testified that the students who made the allegations had lied." (Id.) Dover blatantly misrepresents K.E.'s testimony. K.E. never testified that the students in fact had lied. *Per contra*, she testified only that Puterbaugh *told her* that the students had lied. (See Doc. 106-1, Ex. A, K.E. Dep. 36:14-21, 121:7-9).

[3] The court notes that Puterbaugh has filed a separate motion (Doc. 96) *in limine* and to compel offer of proof concerning any prior allegations of improper conduct pursuant to Federal Rule of Civil Procedure 415. The court's finding that evidence of the 2000 complaint is relevant as pertains Dover's knowledge of the alleged threat posed by Puterbaugh shall not be construed as a determination that the evidence is admissible under Rule 415 as against Puterbaugh. That issue is addressed by separate order of today's date.