## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **K.E.,** | : | **CIVIL ACTION NO. 1:15-CV-1634** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DOVER AREA SCHOOL** | : | |
| **DISTRICT**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 17th day of April, 2018, upon consideration of the motion

(Doc. 103) *in limine* by defendant Dover Area School District ("Dover") seeking, on

relevance grounds, to preclude plaintiff K.E. from referencing at trial in the above-

captioned action evidence or allegations of sexual abuse by defendant Matthew

Puterbaugh ("Puterbaugh"), a former teacher, which did not occur on Dover's

property or at a school district event, as well as evidence or allegations of abuse

which occurred after K.E. matriculated from Dover's intermediate school to its high

school and was no longer Puterbaugh's student, and the motion having been fully

briefed, (Docs. 104, 110, 114), and the court noting that relevant evidence is that

which has a tendency to make a fact of consequence "more or less probable than

it would be without the evidence," FED. R. EVID. 401, 402, and that, to establish

Dover's liability for failure to train its employees to detect or report signs of sexual

abuse of students, K.E. must show, *inter alia*, an underlying constitutional violation

committed "under color of" state law, 42 U.S.C. § 1983, and the court further noting

that Dover identifies several cases establishing that a public school teacher's private

acts cannot be considered state action for purposes of Section 1983 and Monell

liability, (see Doc. 104 at 5-10 (collecting cases)), in support of its assertion that, if

Puterbaugh's abuse of K.E. did not occur under color of state law, there can be no

state action and thus no municipal liability, (id. at 5), but the court observing that

the cases cited by Dover are distinguishable in that each concerned isolated and

*exclusively* private instances of sexual abuse by a public school teacher,[1] in marked

contrast to K.E.'s allegations *sub judice*, *viz.*: that Puterbaugh began his abuse of

K.E. in the context of a student-teacher relationship and on school property, that

the abuse continued to occur on school property for an extended period of time,

that the abuse eventually occurred both on and off of school property before moving

primarily off school property when K.E. matriculated to the district's high school

and was no longer in Puterbaugh's class, and that Dover's administrators were

made aware of both the on-campus and the off-campus abuse while K.E. was a

student at the intermediate school and again thereafter when she was a student at

the high school, (see Doc. 92 at 2-6), and the court further observing that, as to the

question of damages, a reasonable trier of fact could determine that the continued

abuse and any injury flowing therefrom was a proximate result of Dover's alleged

failure to respond to an initial report of abuse which, if K.E.'s narrative is credited,

---

[1] See D.T. by M.T. v. Indep. Sch. Dist. No. 16, 894 F.2d 1176, 1192 (10th Cir. 1990) (no state action where abuse occurred during fundraising trip for basketball camp unaffiliated with the school during summer break); Becerra v. Asher, 105 F.3d 1042, 1047 (5th Cir. 1997) (no state action where abuse occurred in student's home more than five months after student withdrew from the school and student-teacher relationship ended).

indisputably occurred under color of state law, and the court thus concluding that the evidence is relevant and shall be admissible at trial, it is hereby ORDERED that Dover's motion (Doc. 103) *in limine* is DENIED.

 

 

/S/ Christopher C. Conner
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania