# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **K.E.**, | : | **CIVIL ACTION NO. 1:15-CV-1634** |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **DOVER AREA SCHOOL DISTRICT**, *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 20th day of April, 2018, upon consideration of the motion (Doc. 121) by plaintiff K.E. to permit testimony by expert disclosed after deadline, wherein K.E. seeks leave to present at trial the testimony of Shari Kim, Ph.D. ("Dr. Kim"), as an expert witness, and further upon consideration of the brief (Doc. 125) in opposition filed by defendant Dover Area School District ("Dover"), wherein Dover urges the court to exclude Dr. Kim's report and testimony at trial, positing that late disclosure of this witness violates the court's scheduling order and will prejudice Dover, and the court observing that, pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(i), absent a stipulation or court order to the contrary, expert disclosures must be made "at least 90 days before the date set for trial," FED. R. CIV. P. 26(a)(2)(D)(i), and that, in this case, the court established by separate order (Doc. 69) an initial expert disclosure deadline of February 23, 2017 and a supplemental or rebuttal expert report deadline of April 7, 2017, (id.), such that K.E.'s instant proffer falls within the deadline established by the Federal Rules but beyond the

deadline established by this court, and the court further observing that, pursuant to Federal Rule of Civil Procedure 37(c)(1), the court must disallow introduction of evidence that is not timely disclosed "unless the failure was substantially justified or is harmless," FED. R. CIV. P. 37(c)(1), but that exclusion of evidence is an "extreme sanction," In re TMI Litig., 193 F.3d 613, 721 (3d Cir. 1999) (quoting Dudley v. S. Jersey Metal, Inc., 555 F.2d 96, 99 (3d Cir. 1977)), amended, 199 F.3d 158 (3d Cir 2000), and that, in determining whether to exclude the proffered expert, the court must weigh: *first*, the potential prejudice to Dover if Dr. Kim is permitted to testify; *second*, the ability of K.E. to cure that prejudice; *third*, the extent to which allowing Dr. Kim to testify would disrupt the efficiency or commencement of the pending trial; *fourth*, any dilatoriness or bad faith on K.E.'s part; and *fifth*, the importance of the evidence, see ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 298 (3d Cir. 2012) (quoting Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977), overruled on other grounds by Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985)), and, having considered the parties' positions as to each of the above considerations, the court finding *first*, that the only potential prejudice to Dover in allowing Dr. Kim to testify is that Dover may wish to depose Dr. Kim or to secure a responsive expert of its own; *second*, that the nearly three-month period remaining before trial is ample time to cure that ostensible prejudice; *third*, that because of the ample time remaining before trial, allowing Dr. Kim to testify will not disrupt the current trial schedule; *fourth*, that the late disclosure was not

the result of dilatoriness or bad faith on K.E.'s part; and *fifth*, that the evidence speaks to the impact of the collective defendants' alleged conduct on K.E. and thus is directly relevant to the issue of damages *sub judice*, and, for all of these reasons, the court concluding that the interests of justice support allowing K.E. to introduce Dr. Kim's report and testimony at trial, it is hereby ORDERED that:

1. K.E.'s motion (Doc. 121) to permit expert testimony by expert disclosed after deadline is GRANTED.

2. Dr. Kim shall be permitted to testify at trial as to the contents of the mental health evaluation attached as Exhibit A to K.E.'s instant motion.

3. Dover may depose Dr. Kim in advance of trial and may, if it so chooses, secure and disclose its own responsive expert in accordance with the deadlines proscribed in Federal Rule of Civil Procedure 26(a)(2)(D)(ii).

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania